IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAMON RENARD MCGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-3673-K-BN |
| | § | |
| WESTERN EXPRESS, INC. AND | § | |
| DAVID MCBRIDE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kamon Renard McGee, proceeding *pro se*, has filed this action against

Defendants Western Express, Inc. ("Western") and David McBride, identified as an

employee of Western. This case has been referred to the undersigned United States

magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a

standing order of reference from United States District Ed Kinkeade.

Defendants have moved to dismiss McGee's complaint, under Federal Rules of

Civil Procedure 12(b)(1), 12(b)(3), and/or 12(b)(6), or, alternatively, to transfer this case

to the United States District Court for the Middle District of Tennessee, presumably

under 28 U.S.C. §§ 1404(a) or 1406(a). *See* Dkt. Nos. 18 & 19. McGee has filed a

response in opposition, *see* Dkt. No. 21, and Defendants have filed a reply brief, *see*

Dkt. No. 22.

The undesigned now issues the following findings of fact, conclusions of law, and

recommendation that the Court should grant Defendants' motion to dismiss pursuant

to Rule 12(b)(3) and dismiss this action without prejudice to McGee's right to demand arbitration in a proper venue.

## Applicable Background

McGee explains through his complaint that he was hired by Western as an independent contractor pursuant to a contract in January 2015. *See* Dkt. No. 3 at 1 (further explaining that the contract "stated that if [the parties] had problems we could arbitrat[e]"). And, through his complaint, amended by the verified responses to the Court's questionnaire [Dkt. No. 8], which became "part of the ... pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998), McGee alleges breach of contract and states a cursory claim of discrimination, *see* Dkt. No. 8 at 8 (failing to answer the Court's eighth interrogatory – "You state that you 'feel' you were 'discriminated against.' Please explain the basis for this feeling. That is, on which basis or characteristic (such as age, race, or gender) do you feel you were discriminated against? How were you treated differently than other drivers who do not share that same characteristic?").

McGee attached to his verified response to the Court's questionnaire pages from a January 2015 "Contract Hauling Agreement" (the "Agreement"). *See* Dkt. No. 8 at 10-20. And Defendants have provided a complete copy of this agreement as an attachment to their motion to dismiss. *See* Dkt. No. 19-1. Relevant to the motion now before the Court, the Agreement contains a provision (Paragraph 24) providing in pertinent part that:

> Any dispute arising out of or relating to the terms or implementation of this Agreement, including any allegation of breach thereof or of violations of 49 C.F.R. Part 376 or other federal, state, or local statutory, regulatory,

> or common law, shall be fully and finally resolved by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). A demand for arbitration shall be filed with the AAA's office located in or closest to [Western's] principal place of business, and the arbitration shall be held in Tennessee, or as otherwise agreed to between the parties.

*Id.* at 9.

### Legal Standards and Analysis

Defendants invoke Rules 12(b)(1) and 12(b)(6) as alternative grounds to dismiss McGee's lawsuit under Paragraph 24 of the Agreement, asserting, as to both rules, that "[t]he contract clearly provides for arbitration as the sole remedy and forum for resolution of disputes, such as those alleged in McGee's Complaint, which arise out of this Agreement." Dkt. No. 19 at 3; *see also* Dkt. No. 22 at 1-3 (noting that "[t]here is inconsistency amongst the Circuits regarding whether [Rule] 12(b)(1) or [Rule] 12(b)(6) is the proper vehicle to dismiss and/or compel arbitration in the face of a valid arbitration agreement as Rule 12 does not provide a specific provision for such dismissal").

Defendants also invoke Rule 12(b)(3) as an alternative basis for dismissal, *see* Dkt. Nos. 19 & 22, and,

> [w]ith regard to motions to dismiss based on an arbitration clause, the [United States Court of Appeals for the ]Fifth Circuit has not "definitively decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule." *Noble Drilling Services, Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir.2010) (citations omitted).

*7-Eleven, Inc. v. Digital Display Networks, Inc.*, No. 3:12-cv-4292-L, 2013 WL 5305811, at *4 (N.D. Tex. Sept. 20, 2013); *see also Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir.

2014) ("We have held that a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration." (citing *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781, 787 (5th Cir. 2012); *Omni Pinnacle, LLC v. ECC Operating Servs., Inc.*, 255 F. App'x 24, 26 (5th Cir. 2007) (per curiam) (affirming the district court's order dismissing case pursuant to Rule 12(b)(1) on the ground that agreement between parties required arbitration of dispute); but also acknowledging that, in *Noble*, the court of appeals "declin[ed] to decide" whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule).

In *7-Eleven*, another judge of this Court determined that neither Rule 12(b)(1) nor Rule 12(b)(6) supported dismissal under an arbitration clause and that the defendant there waived its Rule 12(b)(3) defense by not raising it or otherwise objecting to venue on the basis of the arbitration clause but then dismissed the case on the defendant's alternative motion to compel arbitration. *See* 2013 WL 5305811. Defendants here, however, have covered all their bases by invoking Rules 12(b)(1), 12(b)(3), and 12(b)(6). And, without deciding whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule here, because the Agreement's arbitration clause contains a forum selection clause, the undersigned will analyze the pending motion under Rule 12(b)(3).

On a Rule 12(b)(3) motion, once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *See Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003). In resolving a Rule 12(b)(3) motion, "the court is permitted to look at evidence beyond simply those

facts alleged in the complaint and its proper attachments," *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 238 (5th Cir. 2009) (internal quotation marks omitted), and must view all the facts in a light most favorable to the plaintiff, *see id.* at 237.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

> Section 1406(a) allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. [*Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). "The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006).

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying Section 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen 1*"). Once this initial

determination is made, the Court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

Transfer of venue under Section 1404(a) is at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *El Chico Restaurants of Tex., Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must "demonstrate[ ] that the transferee venue is clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir.2008) ("*Volkswagen II*"). But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," Plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather,

"a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

Here, McGee has failed to carry his burden, under either Rule 12(b)(3) or Section 1404(a), to show that his chosen venue is proper. In fact, McGee entirely fails to address Defendants' venue arguments – principally, that they are both Tennessee citizens, that the Agreement was executed by the parties in Tennessee, and that the decision to terminate the Agreement was made in Tennessee – in his response. *See* Dkt. No. 21.

The undersigned also concludes that a recent decision of the Fifth Circuit supports dismissal of this action, under either Rule 12(b)(1) or Rule 12(b)(3). *See Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 627 (5th Cir. 2015) (affirming dismissal of a securities fraud claim "on the alternative ground that [defendant] would have been entitled to prevail on a Rule 12(b)(1) or 12(b)(3) motion to dismiss the case because the dispute is covered by the arbitration clause").

Like the Agreement at issue here, which, absent the parties' agreement otherwise, requires that "arbitration shall be held in Tennessee," Dkt. No. 19-1 at 9, in *Murchison*, "[t]he parties' arbitration agreement included a forum selection clause, requiring all arbitration to be held in New York City," 625 F. App'x at 627.

> "When an arbitration clause in a contract includes a forum selection clause, only the district court in that forum can issue [an] order compelling arbitration." *See Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009) (citation and internal quotation marks omitted); *see also* 9 U.S.C. § 4 (instructing that the hearing and proceedings on a motion to compel arbitration "shall be within the district in which the petition for an order directing such arbitration is filed"). "When a complaint

requesting arbitration is filed in the wrong forum, the appropriate response is for the opposing party to file a motion to dismiss, which should then be granted by the court." *Haber*, 578 F.3d at 558.

*Id.*; *see also Sinners and Saints, L.L.C. v. Noire Blanc Films, L.L.C.*, 937 F. Supp. 2d 835, 844-45 (E.D. La. 2013) (observing that "the Fifth Circuit has noted that arbitration clauses are indistinguishable from forum-selection clauses for enforceability purposes and has analyzed motions to dismiss based on arbitration clauses under Rule 12(b)(3)" (citing *Noble*, 620 F.3d at 472 n.3; *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005); *Haynsworth v. The Corporation*, 121 F.3d 956, 961 (5th Cir. 1997))).

While McGee's complaint does not explicitly request arbitration, it is telling that McGee does not contest to arbitration of his claims. *See* Dkt. No. 3 at 1 (acknowledging in his complaint that the Agreement "stated that if we had problems we could arbitrat[e]").

Therefore, in light of the Agreement's arbitration provision and the other factors raised by Defendants' motion showing that venue is proper in Tennessee, not Texas, the undersigned finds that the interest of justice favors dismissal of McGee's action under Rule 12(b)(3) without prejudice to McGee's right to demand arbitration in a venue that is proper pursuant to the Agreement.

## Recommendation

The Court should grant Defendants' motion to dismiss [Dkt. No. 18] pursuant to Federal Rule of Civil Procedure 12(b)(3) and dismiss this action without prejudice to McGee's right to demand arbitration in a proper venue.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 5, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE